

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

David Kaplan
Phone: (212) 356-1175
Dakaplan@law.nyc.gov

**BY ECF**
Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

February 16, 2024

      Re:  *Moonsammy et al. v. Banks et al.*
           23-CV-10491 (PAE)

Dear Judge Engelmayer:

      I am the Assistant Corporation Counsel assigned to represent the Defendants in the above matter. In anticipation of the scheduled initial pre-trial conference (IPTC), and in accordance with Your Honor's rules, I write jointly with Plaintiffs' counsel, Rory J. Bellantoni, Esq., to provide the Court with the Parties' positions regarding the IPTC and proposed briefing schedule.

      Plaintiffs bring this action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA") to appeal an administrative decision issued by the Office of State Review. The matter centers on whether the State Review Officer ("SRO") erred in requiring proof of attendance for DOE reimbursement for the 2021-2022 and 2022-2023 school years, and denying direct payment to the Plaintiffs. The Parties agree that an IPTC and/or mediation would be unnecessary. The Parties believe this matter can be resolved through motions for summary judgment based upon the certified record. The Plaintiffs have requested a copy of the certified administrative record from the Office of State Review and are waiting for receipt of the same.

      The Parties expect receipt of the record within 4-6 weeks and jointly propose that upon receipt, the certified record be filed under seal, with a courtesy copy to be provided to Defendants. Given the 4-6 week processing time of the Office of State Review, the Parties anticipate receiving a copy of the certified record by March 26, 2024.

      The Parties disagree on whether the SRO erred in requiring proof of attendance for DOE reimbursement and denying direct payment to the Plaintiffs. The Parties, therefore, do not believe the IPTC or mediation would be helpful or beneficial in resolving the Plaintiffs' claims. The Parties propose the following briefing schedule in anticipation of receipt of the certified record on March 26, 2024:

April 16, 2024: Plaintiffs to file their Motion for Summary Judgment;

May 7, 2024: Defendants to file their Cross-Motion for Summary Judgment;

May 28, 2024: Plaintiffs to file their Opposition, Further Reply;

June 5, 2024: Defendants to file their Reply.

Please also find attached hereto the Parties' Joint Civil Case Management Plan and Scheduling Order. Kindly note that the Parties *do not* consent to conduct all further proceedings before the Magistrate and that no formal discovery is required beyond filing the certified administrative record.

Moreover, it is also respectfully submitted that because the inquiry here is not whether there are disputed issues of fact, the Rule 56.1 statements should be waived. While in IDEA actions, "the parties and the court typically style the decision as a ruling on a motion for summary judgment, [] 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. Of Educ. v. C.S.*, 990 F.3d 156, 165 (2d Cir. 2021) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). Because the Parties' motions will be based solely on the administrative record, the Parties jointly and respectfully request that the Court waive the submission of 56.1 statements.

Further, the Parties respectfully request that the conference scheduled for February 21, 2024, be adjourned *sine die*.

The Parties thank the Court for its consideration in this matter.

Respectfully,

s/ *David Kaplan*

David Kaplan
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007

The Court thanks the parties for this letter. The Court hereby adjourns the initial pretrial conference *sine die* and adopts the parties' proposed briefing schedule. For the reasons stated by the parties, the Court waives the submission of Local Rule 56.1 statements.

SO ORDERED.

Dated: February 16, 2024
New York, New York

PAUL A. ENGELMAYER
United States District Judge