UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CINDY MOONSAMMY *et al.*,

                                       Plaintiffs,

                 -v-

DAVID C. BANKS *et al.*,

                                       Defendants.

23 Civ. 10491 (PAE)

ORDER

------------------------------------------------------------

**PAUL A. ENGELMAYER, District Judge:**

On November 30, 2023, plaintiffs Cindy and Kemraj Moonsammy (the "Moonsammys"), individually and on behalf of their minor daughter, A.M., filed this action against the New York City Department of Education and its Chancellor, David C. Banks (together, the "Department"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and Article 89 of the New York State Education Law, N.Y. Educ. Law § 4401 *et seq.* They sought review of a portion of a July 31, 2023 administrative decision of State Review Officer ("SRO") Bates. *See* Dkt. 31 at 1–2 ("Summary Judgment Opinion" or "S.J. Op.").

The facts relevant to this controversy, including A.M.'s educational history, are set out in detail in the Court's Summary Judgment Opinion. *See id.* The Court assumes familiarity with that decision.

In brief, the Moonsammys challenged the SRO's decisions (1) awarding reimbursement to the parents of funds they had paid to providers, rather than ordering the Department to directly pay providers of educational and transportation services to A.M.; (2) declining to make part of the reimbursement award funding for one-to-one nursing services at iBrain; and (3) denying their

request for an independent educational evaluation ("IEE") for A.M. at public expense. The parties cross-moved for summary judgment.

In a decision issued September 23, 2024, the Court granted summary judgment to the Moonsammys on their claim that the SRO erred in denying their request for a publicly funded IEE. S.J. Op. at 3. But the Court denied summary judgment to both parties on the Moonsammys' claims for (1) direct payment and (2) one-to-one nursing services. *Id.* Citing, *inter alia*, the Moonsammys' counsel's failure to adequately develop the evidentiary record, the Court remanded these matters to the SRO. *Id.*; *see also id.* at 25 ("The Court, however, is unprepared to punish the parents and A.M. for the lapses of their counsel to adequately develop the administrative record below and before this Court."). On the direct payment issue, the Court directed the SRO to consider the equities relevant to the choice between orders requiring the Department (1) to directly pay iBrain and Sisters for, respectively, tuition and transportation services and (2) to reimburse the Moonsammys for their expenditures for such services, and to explain which option the equities, including the Moonsammys' financial circumstances, favor. *Id.* at 3. On the nursing services issue, the Court explained, the SRO was to consider whether, under his order dated July 31, 2023, the Department has an obligation to fund one-to-one school nursing services for A.M. and the scope of any such obligation. *Id.* The Court was unequivocal in its bottom-line order:

> The Court denies summary judgment to both parties on the Moonsammys' claims for direct payment and one-to-one nursing services. The Court remands these matter to the SRO for clarification and further development of the record and for supplementation of his order on these points, consistent with the discussion herein. The Court encourages the SRO to complete this process within two months. The Court directs that counsel, upon issuance of a supplemented order by the SRO, forthwith file such order on the docket of this case.

*Id.* at 37.

On October 25, 2024, SRO Bates issued his decision on remand. Dkt. 33-1 at 1. The SRO noted, at the outset, that he had given the parties an opportunity to submit additional documentary evidence and briefing on remand, but that the Moonsammys had not availed themselves of such.[1] *Id.* at 4–5. The SRO awarded direct payment to the Moonsammys of (1) tuition for the 2021–22 and 2022–23 school years, and (2) transportation costs for the 2022–23 school year. *Id.* at 14. As to transportation costs for the 2021–22 school year, the SRO awarded reimbursement, upon proof of payment by the parents for the transportation. *Id.* SRO Bates denied funding for one-to-one nursing services, finding "no reliable evidence" that such services were ever provided to A.M. *Id.*

On December 16, 2024, the Court received a letter from the Moonsammys' counsel, Brain Injury Rights Group ("BIRG"), notifying it of SRO Bates's decision on remand and requesting that the Court set a briefing schedule for plaintiffs to seek judicial review of the SRO's decision. Dkt. 33 at 4. BIRG's letter claimed that it had been unaware of the administrative proceedings on remand. It accused SRO Bates of having "unreasonabl[y]" sent communications on this matter to an attorney for plaintiffs (Ataur Raquib, Esq.) whom BIRG stated had ceased to be employed by BIRG. *Id.* at 1–3. It accused the SRO, in addition, of being

---

[1] The SRO stated:

> Although the parents' counsel was copied on the district's communications with the Office of State Review and was served by both mail and email with the district's supplemental briefing upon remand, the parents failed to respond, submit additional evidence on the issue of direct funding and have not submitted any statement regarding the issues remanded. Notwithstanding that point, I have conducted an impartial reexamination of the issues remanded by the District Court to the best of my ability.

*See* Dkt. 33-1 at 5.

3

"disinterested in gathering more evidence and facts to clarify the issues on remand and make a just decision . . . ." *Id.* at 2.

Given the gravity of BIRG's allegations, the Court directed the Department to file a response on the docket, by January 3, 2025, addressing, in addition to any other relevant considerations, whether (1) the Department was ever noticed by BIRG that Ataur Raquib, Esq., was no longer associated with BIRG and henceforth to direct communications to Rory J. Bellantoni, Esq., or other counsel associated with BIRG; and if so, (2) how, when, and by whom. *See* Dkt. 34.

On January 2, 2025, BIRG filed a further (unsolicited) letter. Dkt. 35. Its letter, authored by Bellantoni, backtracked. *Id.* at 1–2. It effectively retracted its accusation that the SRO had erred in communicating with Raquib. *Id.* It stated that it "wishe[d] to clarify that" it had "not intended to place blame" on the SRO or the Department's counsel. *Id.* at 2. In what it termed a "clarif[ication]" it stated that a reason why BIRG had neglected to participate in the proceedings on remand was a lapse by Bellantoni. *Id.* at 1–3; *see also id.* at 3 n.5 ("[T]he outcome . . . could have . . . been different had [Bellantoni] been more proactive in following up with the SRO or DOE's counsel regarding the Court's remand.").

On January 3, 2025, the Department responded. It noted that SRO Bates had mailed the letter, dated September 27, 2024, in which he set a briefing schedule for the proceedings on remand, to BIRG's offices at 300 East 95th Street, Suite 130, New York, NY 10128. Dkt. 36 at 2. Such was reflected in the SRO's decision itself. *See* Dkt. 33-1 at 5. It further noted that the SRO had likewise mailed his October 25, 2024 decision to BIRG's offices. Dkt. 36 at 2. And, it noted, BIRG had never notified the Department that Raquib was no longer associated with BIRG or instructed it henceforth to direct case-related communications to Bellantoni. *Id.* Moreover,

4

the Department explained, BIRG independently had notice of the proceedings on remand, because Bellantoni and another lawyer associated with BIRG, Daniela Jampel, Esq., received an ECF notification on September 24, 2024 of this Court's Summary Judgment Opinion, which unambiguously directed further factual development on remand. *See, e.g.*, S.J. Op. at 37.

In sum, contrary to BIRG's misleading—if not flatly false—representations to the Court, BIRG was on full notice of the proceedings on remand. It had every opportunity to advocate the Moonsammys' cause in those proceedings. But BIRG did not take the opportunity to do so. It therefore failed to supplement the threadbare evidentiary record which the Court had found insufficient to support (1) a retrospective award of funding for one-to-one nursing services, S.J. Op. at 29–31; and (2) direct payment of transportation costs for the 2021–22 school year, *id.* at 20–25.

The Court will not allow BIRG to supplement the record now. To the extent that the Moonsammys conclude they have been prejudiced by BIRG's failure to participate in the most recent round of proceedings before the SRO, their remedy is against BIRG, on the ground that BIRG's apparent failure to exercise reasonable diligence in monitoring this matter resulted in the SRO's not having an optimal factual record. *See* New York Rules of Professional Conduct 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client. . . . A lawyer shall not neglect a legal matter entrusted to the lawyer."). But the Court will not subject the Department and the Office of State Review, who have other equally important matters to attend to, to further delay and duplication of effort due to BIRG's failure to act with reasonable diligence. *See, e.g.*, S.J. Op. at 25.

To the extent the Moonsammys seek judicial review of SRO Bates's October 25, 2024 decision **based on the existing record**, the Court sets the following schedule:

- February 4, 2025: The Moonsammys' deadline to file a letter brief, no longer than five pages in length.

- February 11, 2025: The Department's deadline to file a response, no longer than five pages in length.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 28, 2025
       New York, New York